UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACKARY WILLIAMS,

    Petitioner,

v.                                                    CASE NO. 2:17-CV-12496
                                                    HONORABLE AVERN COHN

NOAH NAGY,

    Respondent.[1]
_____/

## MEMORANDUM ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Zackary Williams ("Petitioner"), proceeding pro se and without prepayment of the filing fee, plead guilty to child sexually abusive activity, M.C.L. § 750.145c(2), and second-degree criminal sexual conduct, M.C.L. § 750.520c. He was sentenced to concurrent terms of 10 to 20 years imprisonment and 1 to 15 years imprisonment. Petitioner raises claims concerning the validity of his sentence, the validity of his plea, the denial of his plea withdrawal motion, and the effectiveness of trial and appellate counsel. For the reasons which follow, the petition will be denied.

### II. Facts and Procedural History

Petitioner's convictions arise from his sexual abuse of a six-year-old girl. He was charged with three counts of first-degree criminal sexual conduct. Petitioner plead guilty

---

[1] Petitioner is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan where Noah Nagy is the warden. Accordingly, the captioned is AMENDED to reflect the proper respondent.

to the offenses described above in exchange for the dismissal of the more serious charges and an agreement that he would be sentenced to concurrent terms of 10 to 20 years imprisonment and 1 to 15 years imprisonment and would be subject to sex offender registration and a lifetime electronic tether upon release from prison. Petitioner confirmed that he understood the charges, the plea agreement, and the rights that he would be giving up by entering a plea. He stated that he wanted to plead guilty and that he was doing so of his own free will. He admitted that he digitally penetrated a six-year-old girl for his sexual gratification as the factual basis for his plea.

At sentencing, Petitioner moved to withdraw his plea alleging that trial counsel was ineffective and that he was innocent. The prosecution objected due to the age of the victim and the delay in the case. The trial court denied the motion and imposed the sentence set forth in the plea agreement.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court erred in denying his plea withdrawal motion because he was innocent and pleaded guilty without the effective assistance of counsel. The court of appeals denied the application "for lack of merit in the grounds presented." People v. Williams, No. 316225 (Mich. Ct. App. June 11, 2013). The Michigan Supreme Court denied leave in a standard order. People v. Williams, 838 N.W.2d 555 (Mich. 2013).

Petitioner then filed a motion for relief from judgment with the trial court challenging jurisdiction. The trial court denied the motion for lack of merit under Michigan Court Rule 6.508(D)(3). People v. Williams, No. 12-011169-01 (Wayne Co. Cir. Ct. May 29, 2015). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to "meet the burden of

2

establishing entitlement to relief under MCR 6.508(D)." People v. Williams, No. 328849 (Mich. Ct. App. Dec. 21, 2015). Petitioner did not seek leave to appeal with the Michigan Supreme Court.

Petitioner also filed a second motion for relief from judgment with the trial court seeking a remand for re-sentencing pursuant to People v. Lockridge, 870 N.W.2d 502 (Mich. 2015). The trial court denied the motion finding that his sentence was "not the result of the sentencing guidelines, but the consequence of the plea agreement." People v. Williams, No. 12-011169-01 (Wayne Co. Cir. Ct. March 1, 2016). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." People v. Williams, No. 332937 (Mich. Ct. App. Sept. 22, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Williams, 896 N.W.2d 442 (Mich. 2017).[2]

Petitioner thereafter filed the instant petition. He raises the following claims:

I. The trial court erred when it decided that his minimum sentence was not established by the application of the sentencing guidelines in a manner that violated the Sixth Amendment, and he is entitled to a proper inquiry to determine if re-sentencing is required.

II. The trial court erred in denying his plea withdrawal motion where he is innocent and pleaded guilty without the effective assistance of counsel.

III. Trial counsel failed to diligently defend his case, denying him the opportunity to present a defense by failing to investigate where counsel did not keep contact with him, did not contact favorable witnesses, never obtained physical evidence, failed to defend him during the plea withdrawal motion, and independently and

---

[2]Petitioner filed additional motions and appeals in state court; none of them are relevant to the current petition.

3

collectively denied him his state and federal constitutional rights to the effective assistance of counsel.

II. He was denied his right to the effective assistance of counsel on appeal and right to due process where appellate counsel argued ineffective assistance of trial counsel, but failed to effectively recognize and argue meritorious facts on appeal.

Respondent has filed an answer to the petition contending that it should be denied because certain claims are barred by procedural default and all of the claims lack merit.

### III. Standard of Review

28 U.S.C. § 2241 sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The statute provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

4

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's

5

rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016). The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### IV. Discussion

### A. Procedural Default

As an initial matter, Respondent argues that Petitioner's third and fourth claims are barred by procedural default because he did not properly exhaust them in the state courts and is now barred from doing so under the Michigan Court Rules. On habeas review, however, federal courts "are not required to address a procedural-default issue

before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix, 520 U.S. at 525. Such is the case here. Accordingly, the Court will not address the procedural default issue and shall proceed to the merits of the claims.

## B. Merits

### 1. Sentencing Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in scoring Offense Variable 4 of the state sentencing guidelines, by relying upon inaccurate information, and by utilizing judge-found facts that were neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence in violation of his Sixth Amendment rights. Respondent contends that this claim lacks merit.

Petitioner first raised his sentencing claim on collateral review and the trial court denied relief finding that his sentences were based upon his plea agreement, not the sentencing guidelines. The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3]

A sentence imposed within the statutory limits is generally not subject to federal

---

[3]The Court would reach the same result under a de novo standard of review.

7

habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums. See M.C.L. §§ 750.145c(2)(b) (setting a 25-year maximum for a prepubescent child); 750.520c(2)(B) (setting a 15-year maximum). As such, his sentences are barred from habeas review absent a federal constitutional violation. Petitioner has made no such showing, as explained below.

First, Petitioner's claim that the trial court erred in scoring Offense Variables 4 of the state sentencing guidelines is not cognizable on habeas review because it is a state law claim. See Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only."); Austin v. Jackson, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any alleged error in scoring Offense Variable 4 or determining the sentencing guideline range does not justify federal habeas relief.

Further, to the extent that Petitioner contests the state court's interpretation and application of state law regarding the scoring of the offense variables, including the application of Lockridge, infra, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v.

8

Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to any such state law issues.

Petitioner, however, also asserts that his sentence violates federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; see also United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not made this showing. The record reveals that he agreed to specific sentences as part of his plea agreement, and nonetheless had a sentencing hearing before the state trial court with an opportunity to challenge the sentencing information. He also contested his sentences on collateral review, but was denied relief. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. No due process violation occurred.

Petitioner further asserts that the state trial court improperly relied upon judge-found facts neither admitted by him nor proven beyond a reasonable doubt in scoring the guidelines and imposing his sentence in violation of the Sixth Amendment. Such a

9

claim arises from the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004); and Alleyne v. United States, 570 U.S. 99 (2013). In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely, the Supreme Court clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. In Alleyne, the Supreme Court extended Apprendi to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. Alleyne, 570 U.S. at 111-12.

In People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under Alleyne, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range." Lockridge, 870 N.W.2d at 506. The court's remedy was to make the guidelines advisory only. Id. at 520-21. The Sixth Circuit recently held that "[a]t bottom, Michigan's sentencing regime violated Alleyne's prohibition on the use of judge-found facts to increase mandatory minimum sentences." Robinson v. Woods, 901 F.3d 710, 716 (6th Cir. 2018).

Alleyne, however, has no application to Petitioner's case. As explained by the state trial court, Petitioner was sentenced based upon the sentence set forth in his plea agreement, not based upon the scoring of the offense variables or the sentencing

10

guidelines, particularly their mandatory or advisory nature.  See Fuson v. McClaren, No. 15-CV-10089, 2017 WL 3727105, *6-7 (E.D. Mich. Aug. 30, 2017) (denying relief on similar claim where petitioner had sentencing agreement).

In other words, any potential Sixth Amendment violation was waived because Petitioner was sentenced in accordance with the mutually-agreed upon terms of his plea bargain.  A defendant who consents to a sentence in a plea agreement and receives the sentence that he or she bargained for generally waives the right to challenge the sentence on appeal or collateral review.  United States v. Livingston, 1 F.3d 723, 725 (8th Cir. 1993); Winston v. Berghuis, No. 12-CV-14475, 2016 WL 6873390, *2 (E.D. Mich. Nov. 22, 2016) (citing cases and denying habeas relief on sentencing claims where petitioner was given agreed-upon sentence); Thomas v. Berghuis, No. 14-CV-13501, 2016 WL 3197584, *2 (E.D. Mich. June 9, 2016) (same).  In this case, Petitioner was sentenced in accordance with his plea agreement.  He thus fails to establish a constitutional violation as to his sentence.  Habeas relief is not warranted on Petitioner's sentencing claim.

### 2. Validity of Plea, Plea Withdrawal, Innocence, and Ineffective Assistance of Trial Counsel Claims

In the bulk of the remainder of his claims, Petitioner says that he is entitled to habeas relief because the trial court erred in denying his plea withdrawal motion where he is innocent and he pleaded guilty without the effective assistance of counsel.  He relatedly asserts that trial counsel was ineffective for failing to investigate his case, and instead advising him to plead guilty, and for not advocating on his behalf with respect to his plea withdrawal motion.  Respondent contends that these claims lack merit.

Petitioner raised these claims, in part, on direct appeal in the state courts. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[4]

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. United States v. Broce, 488 U.S. 563 (1989); Boykin v. Alabama, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. Id. at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. Brady v. United States, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749.

Here, the record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 39 years old at the time of his plea and there is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was

---

[4]The Court would reach the same conclusion under a de novo standard of review. And to the extent that some of the claims were not properly exhausted in the state courts, the Court's review of those claims is de novo.

represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated that he understood the plea agreement, that he wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the plea agreement, and that he was pleading guilty of his own free will. He is bound by those statements. See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999). The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. See Brady, 397 U.S. at 757.

Petitioner also argues that his plea is invalid because he is actually innocent. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. See Fautenberry v. Mitchell, 515 F.3d 614, 636 (6th Cir. 2008) (citing Boykin, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, Tollett v. Henderson, 411 U.S. 258, 267 (1973), including any claim that he had a defense to the charges against him. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). Petitioner waived his right to present a defense to the charges by pleading guilty.

Petitioner further says that his plea is invalid because trial counsel failed to investigate defenses and gather witnesses and physical evidence. Petitioner fails to show that trial counsel was ineffective in advising him about his case. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is

challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Id. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" Id. at 59-60 (quoting Strickland, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The

question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. See Premo v. Moore, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); Bray v. Andrews, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

To the extent that Petitioner asserts that trial counsel was ineffective for failing to investigate defenses or take other action during the pre-plea period, he is not entitled to relief. As discussed above, it is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. Accordingly, Petitioner's claim that counsel was ineffective for failing to take certain actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner also asserts that trial counsel was ineffective for advising him to plead guilty rather than preparing a defense to the charges. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. Strickland, 466 U.S. at 690-91; Lundgren v. Mitchell, 440 F.3d 754, 771 (6th Cir. 2006); O'Hara v. Wiggington, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not

15

warranted). Petitioner, however, fails to establish that counsel did not investigate his case or was deficient in advising him about his plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given serious nature of the first-degree criminal sexual conduct charges that were pending against Petitioner, the potential evidence against him, the uncertainties of trial, and the lack of a solid defense. Trial counsel was also able to secure a plea bargain which reduced the charges and included a sentencing agreement that avoided a minimum 25-year sentence and a maximum life sentence.

Although Petitioner believes that he could have defended against the charges, he does not offer any evidence, other than his own assertions, to support his claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). Given the charges against Petitioner and the fact that he was subject to a 25-year minimum sentence with a possible maximum life sentence, trial counsel acted reasonably in advising Petitioner to plead guilty to the reduced charges and to forego other avenues of defense. The Court is satisfied that trial counsel was effective and that Petitioner's plea was knowing, intelligent, and voluntary.

Petitioner relatedly asserts that counsel was ineffective for failing to advocate on his behalf with respect to the plea withdrawal motion. The record, however, fails to show that counsel was even aware of Petitioner's intention to request a plea withdrawal, let alone the grounds for such a request, at the time of sentencing. Counsel cannot be deemed ineffective under such circumstances. Moreover, for the reasons discussed with respect to the plea itself, trial counsel may have reasonably determined that a plea withdrawal was not in Petitioner's best interest and/or would not

16

be successful. Trial counsel cannot be deemed ineffective for failing to make futile or meritless arguments. Petitioner fails to show that trial counsel was ineffective in this regard.

Finally, to the extent that Petitioner asserts that the trial court erred in denying his plea withdrawal motion, he is not entitled to relief. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. Chene v. Abramajtys, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." Adams v. Burt, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted).

Overall, habeas relief is not warranted on these claims.

### 3. Effectiveness of Appellate Counsel Claim

Finally, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise his additional ineffective assistance of trial counsel claims on direct appeal. Respondent contends that this claim lacks merit.

It does not appear that Petitioner properly raised and/or exhausted this claim in the state courts. Accordingly, the Court shall review the claim de novo.

The Sixth Amendment right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous

17

issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Barnes, 463 U.S. at 751-52).

Here, the record shows that appellate counsel made reasonable arguments to support the claim that Petitioner should have been allowed to withdraw his plea based upon his assertion of innocence and trial counsel's alleged ineffectiveness in advising him about his plea and failing to advocate in favor of the plea withdrawal motion. Petitioner fails to show that by omitting the additional ineffective assistance of trial counsel claims presented on habeas review, appellate counsel's performance fell outside the wide range of professionally competent assistance. None of the other claims subsequently raised by Petitioner are "dead-bang winners." Moreover, Petitioner cannot show that he was prejudiced by appellate counsel's conduct given the Court's determination that the underlying claims lack merit. Appellate counsel cannot be ineffective for failing to raise issues that lack merit. Shaneberger v. Jones, 615 F.3d 448, 452 (6th Cir. 2010); Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001). Petitioner fails to establish that appellate counsel was ineffective. Habeas relief is not

18

warranted on this claim.

## V. Conclusion

For the reasons stated above, the state courts' rejection of petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[5] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/6/2019
    Detroit, Michigan

---

[5] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.